1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN WESLEY WILLIAMS,

11              Plaintiff,                    No. CIV S-09-0784 GGH P

12        vs.

13
     CALIFORNIA DEPARTMENT OF
14   CORRECTIONS AND REHABILITATION, et al.,

15              Defendants.                   ORDER

16   _____/

17              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

19   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21              Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff is currently without funds.  Accordingly, the court will

25   not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make

26   monthly payments of twenty percent of the preceding month's income credited to plaintiff's

1

1    prison trust account.  These payments shall be collected and forwarded by the appropriate agency

2    to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the

3    filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17            A complaint must contain more than a "formulaic recitation of the elements of a

18   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20   "The pleading must contain something more...than...a statement of facts that merely creates a

21   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23   standard, the court must accept as true the allegations of the complaint in question, Hospital

24   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26   McKeithen, 395 U.S. 411, 421 (1969).

                                                 2

1      This is plaintiff's eleventh civil rights complaint since 2005. Plaintiff's complaint

2  contains more than 200 pages including exhibits. Plaintiff, an inmate with a self described

3  psychiatric disability, alleges that the fourteen defendants all conspired to deprive him of his

4  constitutional rights. As with plaintiff's other complaints, he seems to believe that any prison

5  decision concerning him, is in retaliation for filing grievances and lawsuits. Plaintiff alleges that

6  on August 11, 2006, Leiber, Holmes and Baughman retaliated against plaintiff for legal activity

7  and transferred him to administrative segregation. On August 17, 2006, plaintiff alleges that

8  Ramos, Mendoza, Lopez and Leach were deliberately indifferent under the Eighth Amendment,

9  by not taking any action when plaintiff threatened to commit suicide. When, a short while later,

10  plaintiff cut his own wrists, the defendants did not timely obtain medical assistance for plaintiff.

11      Plaintiff accuses Mendoza of destroying his personal property when plaintiff was

12  in the medical center on August 18, 2006. Plaintiff also contends that Baughman handcuffed and

13  placed him in a holding cell for several hours without water, medication or a bathroom break and

14  plaintiff was forced to stand for more than 90 minutes despite leg problems and Baughman never

15  obtained medical treatment for plaintiff. On January 8, 2007, plaintiff alleges that Crane

16  vandalized his cell and stole his postal stamps.

17      Plaintiff contends that Grannis conspired under the code of silence by rejecting all

18  of plaintiff's grievances and appeals. Plaintiff alleges Hutchinson attempted to provoke plaintiff

19  with a menacing look and stance and then called him names. Plaintiff alleges that all defendants

20  conspired in the above actions as part of the code of silence. Plaintiff states that a "conclave"

21  was held in 2007, with several of the defendants present, to discuss the conspiracy. Plaintiff also

22  claims that several of the defendants repeatedly harassed and annoyed him, by calling him names.

23      Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original

24  claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as

25  alternate claims, as many claims, legal, equitable, or maritime as the party has against an

26  opposing party." "Thus multiple claims against a single party are fine, but Claim A against

3

1  Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v.
2  Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong
3  in different suits[.]"  Id.

4        It is true that Fed. R. Civ. P. 20(a) provides that "[a]ll persons ...may be joined in
5  one action as defendants if there is asserted against them jointly, severally , or in the alternative,
6  any right to relief in respect of or arising out of the same transaction, occurrence, or series of
7  transactions or occurrences and if any question of law or fact common to all will arise in the
8  action."  However, "[a] buckshot complaint that would be rejected if filed by a free person–say, a
9  suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a
10  debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a
11  prisoners."  Id. at 607.

12        As described above, plaintiff's complaint includes many unrelated claims against
13  more than a dozen defendants.  Pursuant to George v. Smith, supra, plaintiff may not proceed
14  with these unrelated claims regarding different defendants in this action.  Accordingly, the
15  complaint is dismissed with leave to amend, within thirty (30) days.  An amended complaint
16  should include related claims only.  Failure to file an amended complaint will result in an order
17  dismissing these defendants from this action.

18        The Civil Rights Act under which this action was filed provides as follows:

19        Every person who, under color of [state law] . . . subjects, or causes
20        to be subjected, any citizen of the United States . . . to the
      deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
21        law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
26  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

8  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

9  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10 Cir. 1982).

11         To state a retaliation claim, a plaintiff must plead facts which suggest that

12 retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor

13 behind the defendant's conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

14 1989); Rizzo 778 F.2d at 532.  The plaintiff must also plead facts which suggest an absence of

15 legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing

16 Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v.

17 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are

18 insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act

19 itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical

20 retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of

21 the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n.1)

22 (10th Cir. 1990).

23         In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts

24 should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

25 conduct alleged to be retaliatory."  Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472,

26 115 S. Ct. 2293 (1995)).

1    In order to state a § 1983 claim for violation of the Eighth Amendment based on

2  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

3  deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

4  285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

5  serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter,

6  501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

7  1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

8  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

9    A serious medical need exists if the failure to treat a prisoner's condition could

10  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

11  that a prisoner has a serious need for medical treatment are the following:  the existence of an

12  injury that a reasonable doctor or patient would find important and worthy of comment or

13  treatment; the presence of a medical condition that significantly affects an individual's daily

14  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

15  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

16  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

17  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

18    The United States Supreme Court has held that "an unauthorized intentional

19  deprivation of property by a state employee does not constitute a violation of the procedural

20  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

21  postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104

22  S.Ct. 3194 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only

23  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

24  An authorized deprivation is one carried out pursuant to established state procedures, regulations,

25  or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of

26  Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987).  California provides an adequate post-

1  deprivation remedy.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994).

2          Plaintiff is informed that prisoners do not have a "separate constitutional

3  entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860

4  (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-

5  existence of, or the failure of prison officials to properly implement, an administrative appeals

6  process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855

7  F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993);

8  Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill.

9  1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

10 substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest

11 requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a

12 failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State

13 regulations give rise to a liberty interest protected by the Due Process Clause of the federal

14 constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

15 and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin

16 v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]

17         To the extent that plaintiff alleges a constitutional deprivation based on

18 defendants taunting him, plaintiff is incorrect.  Verbal harassment alone is insufficient to state a

19 claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

20 \\\\\

21

22         [1] "[W]e recognize that States may under certain circumstances create liberty interests
which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.
23 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
24 to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494
25 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic
drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
26 ordinary incidents of prison life." Sandin v. Conner, supra.

1    As to the conspiracy claims against all defendants, vague and conclusory

2    allegations are not sufficient to support a claim for civil rights violations based on conspiracy.

3    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d

4    469, 471 (9th Cir. 1992).  Plaintiff must make some showing of an agreement or a meeting of the

5    minds on the part of defendants to violate his constitutional rights.   Woodrum v. Woodward

6    County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983).

7    Conspiracy allegations must be supported by material facts and not be merely conclusory

8    statements. Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).

9    Also named as a defendant is the California Department of Corrections and

10   Rehabilitation.  The Eleventh Amendment bars suits brought by private parties against a state or

11   state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S.

12   332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam);

13   Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh

14   Amendment is not jurisdictional, the court may raise the defect on its own.  Wisconsin

15   Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998);

16   Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974).  In the instant case,

17   the California Department of Corrections and Rehabilitation has not consented to suit.

18   Accordingly, plaintiff's claims against California Department of Corrections and Rehabilitation

19   are dismissed.  Plaintiff should not include claims against this defendant in an amended

20   complaint.

21   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

23   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

24   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

25   there is some affirmative link or connection between a defendant's actions and the claimed

26   deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2   allegations of official participation in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board</u>

3   <u>of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

6   amended complaint be complete in itself without reference to any prior pleading.  This is

7   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

8   <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

9   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

10  original complaint, each claim and the involvement of each defendant must be sufficiently

11  alleged.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.  Plaintiff's request to proceed in forma pauperis is granted;

14          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15  No initial filing fee will be assessed.  All future fees shall be collected and paid in accordance

16  with this court's order to the Director of the California Department of Corrections and

17  Rehabilitation filed concurrently herewith.

18          3.  The complaint is dismissed for the reasons discussed above, with leave to file

19  an amended complaint within thirty days from the date of service of this order.  Failure to file an

20  amended complaint will result in a recommendation that the action be dismissed.

21  DATED: June 19, 2009

22

23                              /s/ Gregory G. Hollows

24                              _____
                                GREGORY G. HOLLOWS
                                UNITED STATES MAGISTRATE JUDGE

ggh: ab
25  will0784.scrn

26

9