1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8    JOHN WESLEY WILLIAMS,

9              Plaintiff,                    No. CIV S-09-0784 GGH P

10             vs.

11

12   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND REHABILITATION, et al.,

13             Defendants.                   ORDER

14   _____/

15             Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

16   rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

17   Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to

18   plaintiff's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).[1]

19   On June 22, 2009, the court ordered plaintiff's complaint dismissed with leave to file an

20   amended complaint.  Plaintiff has now filed a motion for reconsideration of the court's June 22,

21   2009, Order and seeks to have the complaint served on defendants.

22                        Standards For Motions To Reconsider

23             Although motions to reconsider are directed to the sound discretion of the court,

24   Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

25   _____

26        [1]Therefore, the request for reconsideration will not be considered as one which must
     proceed before a district judge.

                                        1

considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k)

requires that a party seeking reconsideration of a district court's order must brief the "new or

different facts or circumstances [which] were not shown upon such prior motion, or what other

grounds exist for the motion."  The rule derives from the "law of the case" doctrine which

provides that the decisions on legal issues made in a case "should be followed unless there is

substantially different evidence . . . new controlling authority, or the prior decision was clearly

erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d

391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.

denied, 475 U.S. 1064 (1986).

        Courts construing Federal Rule of Civil Procedure 59(e), providing for the

alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle

permitting the unsuccessful party to "rehash" arguments previously presented, or to present

"contentions which might have been raised prior to the challenged judgment."  Costello v. United

States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268

(7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

These holdings "reflect[] district courts' concerns for preserving dwindling resources and

promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

        In the instant action, plaintiff has not set forth new facts and cited no new

controlling authority.  Plaintiff's motion is denied, however plaintiff may still filed an amended

complaint pursuant to the court's June 22, 2009, Order.

        Therefore, IT IS HEREBY ORDERED that:

        1.  Upon reconsideration, this court's order of June 22, 2009, is affirmed.

DATED: August 7, 2009

                              /s/ Gregory G. Hollows

                              _____
                              GREGORY G. HOLLOWS
                              UNITED STATES MAGISTRATE JUDGE

ggh: ab - will0784.recons