IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN W. WILLIAMS,

        Plaintiff,                    No. 2:09-cv-0784 GGH P

    vs.

DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner who proceeds pro se in this action under 42 U.S.C. § 1983. Plaintiff has consented to this court's jurisdiction. (ECF No. 4).

        Plaintiff has moved to disqualify the undersigned, alleging that the undersigned is biased against him. See Doc. No. 32. As grounds, plaintiff alleges that the bias is demonstrated by the undersigned's prior order dismissing plaintiff's complaint, which order was subsequently reversed and remanded in part by the Court of Appeals. Id. Plaintiff alleges that the bias evident in the undersigned's prior ruling will continue to effect the "due course and timely resolution of this case." Id.

        Plaintiff raises no other grounds for the disqualification.

\\\\\

A brief review of the procedural history of this case is helpful. Plaintiff filed a complaint in March, 2009 which the undersigned screened in a June 22, 2009 order. See Doc. No. 5 at 3. The undersigned ordered that the complaint be dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 18 and 20, because "plaintiff's complaint includes many unrelated claims against more than a dozen defendants." Id. at 4. Plaintiff elected not to file an amended complaint, instead asking the court to enter final judgment so that plaintiff could file an appeal of the order in the Court of Appeals. See Doc. No. 16. The undersigned granted plaintiff's request, and final judgment was entered on December 9, 2009. See Doc. No. 17. On January 31, 2012, the Court of Appeals reversed the undersigned's decision in part, finding that plaintiff had partially satisfied Federal Rule of Civil Procedure 20, and that misjoinder was, in any event, not an appropriate reason for dismissal. See Doc. No. 22.

28 U.S.C. § 455(b)(1) requires any justice, judge, or magistrate of the United States to disqualify himself "where he has a personal bias or prejudice concerning a party...."

The motion will be denied, because plaintiff has failed to establish that the undersigned is biased against him. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994), citing United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698 (1966). Plaintiff has not alleged that the undersigned relied on an extrajudicial source in deciding the case, or that the undersigned's order displayed such a "deep-seated favoritism or antagonism that would make fair judgment impossible." Id. To the extent the undersigned was incorrect in applying the law to plaintiff's complaint, such mistakes are grounds for an appeal, not for recusal.

Accordingly, IT IS ORDERED that plaintiff's motion to disqualify the magistrate judge in the interest of justice (Doc. No. 32) is denied.

DATED: July 10, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE