IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN W. WILLIAMS,

        Plaintiff,            No. 2:09-cv-0784 GGH P

        vs.

DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner who proceeds pro se in this action under 42 U.S.C. § 1983. Plaintiff has consented to this court's jurisdiction. (ECF No. 4). Plaintiff has moved to have this case assigned to the Judge and Magistrate Judge who dismissed his prior action in 2009. For the reasons set forth below, the motion is denied.

*Background*

        A brief review of the procedural history of this case is helpful. Plaintiff filed a complaint in March, 2009 which the undersigned screened in a June 22, 2009 order. See Doc. No. 5 at 3. The undersigned ordered that the complaint be dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 18 and 20, because "plaintiff's complaint includes many unrelated claims against more than a dozen defendants." Id. at 4. Plaintiff elected

1 not to file an amended complaint, instead asking the court to enter final judgment so that plaintiff
2 could file an appeal of the order in the Court of Appeals.  See Doc. No. 16.  The undersigned
3 granted plaintiff's request, and final judgment was entered on December 9, 2009.  See Doc. No.
4 17.  On January 31, 2012, the Court of Appeals reversed the undersigned's decision in part,
5 finding that plaintiff had partially satisfied Federal Rule of Civil Procedure 20, and that
6 misjoinder was, in any event, not an appropriate reason for dismissal.  See Doc. No. 22.  On
7 February 8, 2012, the undersigned re-screened the complaint, and found that service was
8 appropriate.  See Doc. No. 23.  After plaintiff submitted the requisite documents, the undersigned
9 directed the U.S. Marshalls to serve the complaint on September 26, 2012.  See Doc. No. 35.

10        On July 11, 2012, the undersigned denied plaintiff's "Motion to Disqualify
11 Magistrate Judge in the Interest of Justice."  See Doc. No. 33.  After reviewing the case's
12 procedural history, the undersigned found that plaintiff had failed to establish that the
13 undersigned was biased against him.  Id.

14        On October 18, 2012, plaintiff filed a "Motion and Request for Adherence to
15 Local Rules," arguing that this case should be assigned to the judge and magistrate judge who
16 dismissed his prior action, Williams v. Walker et al., 2:07-cv-0752, in April 2009.  Plaintiff does
17 not explain why he waited until October 2012, more than three and a half years, to seek
18 reassignment. In support of his motion, plaintiff cites to the court's Local Rule 123(d), which
19 reads:

20        (d) Refiling.  An action may not be dismissed and thereafter refiled for the
purpose of obtaining a different Judge or Magistrate Judge.  If an action is
21        dismissed and it, or one essentially the same, is refiled, it shall be assigned
to the same Judge and Magistrate Judge.  It is the duty of all counsel
22        appearing therein to bring the facts of the refiling to the attention of the
Clerk pursuant to this Rule.  See L.R. 110.
23

24        Local Rule 110, cited within Local Rule 123, is entitled "Sanctions for
25 Noncompliance with Rules," and reads:
26 \\\\\

> Failure to counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanction authorized by state or Rule or within the inherent power of the Court.

A review of the plaintiff's prior action is also helpful. On April 10, 2009, the court granted defendants' motion to dismiss the action. See Williams v. Walker, 2:07-cv-0752 WBS KJM, Doc. No. 29. Defendants had moved to dismiss the action alleging that plaintiff had failed to exhaust his administrative remedies. See id. The court found that plaintiff had not exhausted his administrative remedies, adopted the magistrate's findings and recommendations, granted defendants' motion, and dismissed the action without prejudice to re-filing. Id.

In the findings and recommendations, filed March 4, 2009, the magistrate judge presiding over the 2007 action noted that plaintiff had moved to file an amended complaint:

> Plaintiff's motion is not, however, accompanied by a proposed amended complaint. As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Plaintiff's motion for leave to amend must therefore be denied.

See Case No. 2:07-cv-0752, Doc. No. 27 at 13.

On March 20, 2009, after the court had denied plaintiff's motion to amend, and while the findings and recommendations were still pending, plaintiff filed the operative complaint in his current action. See Doc. No. 1. It is not labeled "Amended," and nowhere in its 207 pages can this court find any reference to plaintiff's then-pending action. Plaintiff additionally filed with the March 20, 2009 complaint a new application to proceed in forma pauperis. See Doc. No. 2.

The new complaint proceeded before the undersigned, who screened it as described above. Although plaintiff objected to the court's June 22, 2009 screening order, and also moved for reconsideration, it does not appear that plaintiff ever notified the court that this action was related to one he had previously filed.

*The Current Motion*

Plaintiff now moves for reassignment of this complaint to the judge and magistrate judge who dismissed his prior action, <u>Williams v. Walker et al.</u>, 2:07-cv-0752, in April 2009.

As an initial matter, the undersigned notes that the magistrate judge who presided over plaintiff's prior case is no longer a magistrate judge, and accordingly the case cannot be assigned to her.

Moreover, plaintiff has wholly failed to explain (1) how the two cases are related; and (2) why he waited more than three and half years, and until after the undersigned denied his motion to disqualify, to raise the issue of reassignment. As of March 2009, plaintiff was aware that his prior action could be dismissed for failure to exhaust, and that motion to amend had been denied. He then filed a new complaint with a new application to proceed in forma pauperis, neither of which advises the court of the relationship between the two cases he now claims.

While L.R. 123 contains no explicit deadline by which a party must notify the Clerk of the previously dismissed case, the undersigned reads the rule to require that a party notify the Clerk of the related case upon filing, so that a party may not improperly re-file a case in order to obtain a different judge or magistrate judge, and that failure to advise the clerk is sanctionable under this court's L.R. 110. It would be improper to allow a plaintiff, who having failed to notify the court of a related case at the time of filing, and who therefore obtained a different judge in violation of the rule, to invoke the rule years later in order to circumvent the court's denial of his disqualification motion.

Accordingly, IT IS ORDERED that plaintiff's motion for reassignment (Doc. No. 37) is denied.

DATED: November 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE