IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                No. 2:09-cv-0784 AC P

    vs.

CALIFORNIA DEPT. OF CORRECTIONS and REHABILITATION, et al.,    ORDER and

    Defendants.          FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a state prisoner proceeding pro se in this action under 42 U.S.C. § 1983. Plaintiff filed this action on March 20, 2009, together with an application to proceed in forma pauperis. ECF Nos. 1, 2.

**BACKGROUND**

On June 22, 2009, the court granted plaintiff's motion to proceed in forma pauperis and dismissed the complaint with leave to amend. ECF Nos. 5, 6. The court ordered that the complaint be dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 18 and 20, because "plaintiff's complaint includes many unrelated claims against more than a dozen defendants." ECF No. 5 at 4. Plaintiff elected not to file an amended complaint, instead asking the court to enter final judgment so that plaintiff could file an appeal of

1

1  the order in the Court of Appeals.  See Doc. No. 16.  The court granted plaintiff's request, and
2  final judgment was entered on December 9, 2009.  See ECF No. 17.  On January 31, 2012, the
3  Court of Appeals reversed the court's decision in part, finding that plaintiff had partially satisfied
4  Federal Rule of Civil Procedure 20, and that misjoinder was, in any event, not an appropriate
5  reason for dismissal.  See ECF No. 22.  On February 8, 2012, the court re-screened the
6  complaint, and found that service was appropriate.  See ECF No. 23.  On September 26, 2012,
7  after plaintiff submitted the requisite documents, the court directed the U.S. Marshals to serve
8  the complaint.  See ECF No. 35.

9  On July 11, 2012, the court denied plaintiff's "Motion to Disqualify Magistrate
10 Judge in the Interest of Justice."  See ECF No. 33.  After reviewing the case's procedural history,
11 the court found that plaintiff had failed to establish that the assigned magistrate judge was biased
12 against him.  Id.

13 On November 15, 2012, the court denied plaintiff's "Motion and Request for
14 Adherence to Local Rules," in which plaintiff argued that this action should be assigned to the
15 judge and magistrate judge who had dismissed his prior action, Williams v. Walker et al., 2:07-
16 cv-0752 (the "2007 Action"), in April 2009.  ECF Nos. 37, 38.  The 2007 Action had been
17 dismissed on defendant's motion, for plaintiff's failure to exhaust his administrative remedies.
18 Williams v. Walker, 2:07-cv-0752 WBS KJM, Doc. Nos. 29 (Order), 27 (Findings and
19 Recommendations).  The action was dismissed without prejudice to re-filing.  Id.

20 The findings and recommendations filed in the 2007 Action were accompanied by
21 the magistrate judge's ruling on plaintiff's motion to file an amended complaint:

> Plaintiff's motion is not . . . accompanied by a proposed amended
> complaint.  As a litigant proceeding in forma pauperis, plaintiff's
> pleadings are subject to evaluation by this court pursuant to the in
> forma pauperis statute.  See 28 U.S.C. § 1915.  Because plaintiff
> did not submit a proposed amended complaint, the court is unable
> to evaluate it.  Plaintiff's motion for leave to amend must therefore
> be denied.

26 See Case No. 2:07-cv-0752, Doc. No. 27 at 13.

2

On March 20, 2009, after plaintiff had been denied leave to amend in the 2007 Action and while the findings and recommendations regarding the motion to dismiss were still pending in that case, plaintiff filed the operative complaint in the present action. See Doc. No. 1. It is not labeled "Amended," and nowhere in its 207 pages can this court find any reference to plaintiff's then-pending 2007 Action.

In his motion for reassignment of this case, plaintiff did not explain why he waited until October 2012, more than three and a half years after filing, to seek reassignment. See ECF No. 38 at 2. Finding that plaintiff had failed to comply with the court's Local Rules regarding related cases, the court denied the reassignment motion, writing that "[i]t would be improper to allow a plaintiff, who having failed to notify the court of a related case at the time of filing, and who therefore obtained a different judge in violation of the rule, to invoke the rule years later in order to circumvent the court's denial of his disqualification motion." ECF No. 38 at 4.

**MOTION TO REVOKE IN FORMA PAUPERIS STATUS**

On December 10, 2012, defendants filed a motion to revoke plaintiff's in forma pauperis status. Defendants contend that plaintiff had accumulated three "strikes" under 28 U.S.C. § 1915(g) before this action was filed, and is accordingly not entitled to proceed in forma pauperis. ECF No. 41-1 at 8. Defendants further allege that the California Superior Court for the County of Kern has declared plaintiff a vexatious litigant under section 391 of the California Code of Civil Procedure. Id. Defendants argue that because plaintiff is a vexatious litigant, and is not likely to succeed on the merits of this action, the court should additionally require plaintiff to past security in the amount of $6,500 before the matter proceeds further. Id.

Plaintiff opposes the motion.

**DISCUSSION**

28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits

an affidavit indicating that the person is unable to pay such fees. However, the Prison Litigation Reform Act ("PLRA") provides, in relevant part,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Andrews v. King, 398 F.3d 1113, 1115-16 (9th Cir. 2005).

The plain language of the PLRA makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis ("IFP") if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). When the defendant challenges a prisoner's right to proceed IFP, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's IFP status. Once the defendant has made out a prima facie case, the burden shifts to plaintiff to persuade the court that § 1915(g) does not apply. Andrews, 398 F.3d at 1116.

In this case, defendant has produced court records[1] reflecting that at least three actions filed by plaintiff were dismissed for failure to state a claim before plaintiff filed the instant action in 2009.[2]

---

[1] Defendants have requested that the court take judicial notice of these court records. See Request for Judicial Notice, ECF No. 42. This request will be granted to all facts (ECF No. 42 at 2-5), and to exhibits 2-23. Fed. R. Evid. 201; see also Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). Defendants' request is denied as to Exhibit 1, which is not a court document from any of plaintiff's prior cases but data compiled by the Administrative Office of the U.S. Courts. Fed. R. Evid. 901, 902.

[2] Plaintiff contends that because he was first granted IFP status in 2007, in Case No. 2:07-cv-0752, only dismissals suffered prior to the 2007 Action may count as strikes. The
(continued...)

4

<u>"Strike One"</u>

On July 25, 2003, the Central District of California screened out plaintiff's complaint in <u>Williams v. Narramore</u>, Case No. 2:03-cv-1972 UA-AJW (C.D. Cal.), for failure to state a cognizable claim under 42 U.S.C. § 1983. <u>See</u> Request for Judicial Notice, ECF No. 42, ¶ 2, Ex. 3; <u>see also</u> 28 U.S.C. § 1915A (screening procedure applicable to prisoner cases). Although the order is styled as a denial of IFP status, <u>id.</u>, its internal citation to 28 U.S.C. § 1915(e) indicates a judgment that the complaint is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2). Such disposition of an IFP application during the screening stage has the effect of dismissing the action prior to service of the complaint. <u>See generally</u> <u>O'Neal v. Price</u>, 531 F.3d 1146 (9th Cir. 2008).

Plaintiff objects to the use of this order as a strike, arguing that the district court dismissed this complaint not only for failure to state a claim, but also as "premature" under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (challenge to fact or duration of confinement must be brought in habeas, not civil rights action). <u>See</u> ECF No. 42-3 at 4 (citing <u>Heck</u>). Plaintiff represents that he is currently challenging the underlying conviction that was the subject of the <u>Heck</u>-barred claim, and argues that because his remedies are not yet exhausted the dismissal of Case No. 2:03-cv-1972 UA-AJW (C.D. Cal.) cannot be considered a strike. <u>See</u> Plaintiff's Objections, ECF No. 46 at 6. Plaintiff's arguments are without merit. The reference to <u>Heck</u> was an explanation why part of the complaint failed to state a claim under 42 U.S.C. § 1983. The court also explained that allegations of ineffective assistance by the public defender do not state a colorable civil rights claim, nor do allegations that a police officer made offensive remarks. ECF No. 42-3 at 3-4. The strike analysis under 28 U.S.C. § 1915(g) begins and ends with the fact that the complaint was screened out because it failed to state a claim. <u>See</u> <u>Patton v. Jefferson</u>

---

$^{2}$(...continued)
question before this court is whether plaintiff experienced three dismissals that qualify as strikes prior to initiating the instant case. § 1915(g).

Correctional Ctr., 136 F.3d 458, 463 (1998) (dismissal as frivolous, also noting Heck bar, counts as a strike).

The judge in Case No. 2:03-cv-1972 UA-AJW (C.D. Cal.) explicitly held that the complaint "fail[ed] to state a claim on which relief can be granted," citing both Fed. R. Civ. P 12(b)(6) and 28 U.S.C. § 1915(e) . ECF No. 42-3 at 3. A prior case "plainly qualifie[s] as a strike" when "the docket record show[s] that it was dismissed for failure to state a claim under Rule 12(b)(6)." Andrews, 398 F.3d at 1121. Moreover, it is the law of the Circuit that disposition of an IFP application on grounds that the complaint fails to state a claim under 28 U.S.C. § 1915(e) constitutes both a dismissal and a strike within the meaning of § 1915(g). O'Neal, 531 F.3d at 1153; see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (three dismissals under § 1915(e)(2) result in disqualification from IFP status pursuant to § 1915(g)) . Accordingly, Case No. 2:03-cv-1972 UA-AJW (C.D. Cal.) must be counted as a strike.

"Strike Two"

On November 22, 2004, the district court dismissed plaintiff's action in Williams v. Bonzer, Case No. 2:04-cv-8941 UA-AJW (C.D. Cal.), for failure to state a claim upon which relief can be granted. ECF No. 42, ¶ 5, Ex. 7. Like the first strike, this dismissal was effected by the denial of IFP status and the court expressly found that the complaint failed the standards of U.S.C. § 1915(e). The reviewing court determined that plaintiff failed to state a cognizable federal claim when he alleged that defendant police officer made offensive statements about plaintiff to his fiancé in the course of arresting the fiancé, impairing plaintiff's relationship with the fiancé. Id. Plaintiff does not object to use of this dismissal as a strike. Under O'Neal, 531 F.3d at 1153, Case No. 2:04-cv-8941 UA-AJW (C.D. Cal.) plainly constitutes a strike.

"Strike Three"

On July 14, 2006, this district court dismissed Williams v. Kernan, Case No. 2:05-cv-0496 GEB-DAD, because plaintiff failed to exhaust his available remedies before filing suit. ECF No. 42, ¶ 6, Ex. 8. The court specifically found that plaintiff's complaint

6

acknowledged that administrative remedies had not been exhausted, and that this concession was a valid ground for dismissal. See ECF No. 42-8 at 5 (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540 U.S. 810 (2003)). Plaintiff objects to the use of this dismissal as a strike, on the grounds that dismissals for failure to exhaust are not strikes. Plaintiff's argument fails.

The magistrate judge in Case No. 2:05-cv-0496 GEB-DAD found that the allegations of plaintiff's complaint established his non-compliance with the requirement codified at 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." When the allegations of a complaint affirmatively demonstrate plaintiff's failure to comply with procedural requirements, including the administrative exhaustion requirement or statute of limitations, dismissal on those grounds constitutes dismissal for failure to state a claim for PLRA purposes. See Jones v. Bock, 549 U.S. 199, 214-15 (2007). In recommending dismissal for non-exhaustion, the magistrate judge was expressly evaluating whether the complaint stated a claim on which relief could be granted. See Case No. 2:05-cv-0496 GEB-DAD, Doc. 11 at 2 (citing 28  28 U.S.C. §§ 1915(e)(2) and 1915A). Because the case was dismissed in its entirety at the screening stage, on grounds that constitute failure to state a claim, the undersigned finds that it should count as a strike under 28 U.S.C. § 1915(g). See O'Neal, 531 F.3d at 1154-55 (rejecting argument that dismissals without prejudice, including for non-exhaustion, are not strikes).

Imminent Danger

Under the PLRA, prisoners who have had three complaints dismissed as frivolous or malicious, or for failure to state a claim, are barred from filing additional in forma pauperis complaints unless they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d

1047, 1052-53 (9th Cir. 2007).

In the instant complaint plaintiff alleges, among other things, that he was subject to retaliation and harassment while housed at California State Prison - Sacramento (CSP-Sac), and that, as a result, he attempted suicide in August 2006. See Complaint, ECF No. 1, ¶ 26. However, at the time the complaint was filed, plaintiff was housed at California State Prison - Los Angeles, and his complaint includes no allegations regarding his treatment at the Los Angeles location. Plaintiff otherwise does not allege any facts to demonstrate that he was under imminent danger at the time of the filing of the complaint, and accordingly does not fit within the § 1915(g) exception.

### Request that Plaintiff Be Required to Post a Security Bond

In addition to their request that the court revoke plaintiff's in forma pauperis standard, defendants ask that the court to require plaintiff to post security under Local Rule 151(b). Defendants argue that plaintiff is a vexatious litigant, and has no likelihood of succeeding on his current claims. Defendants request that the court require plaintiff to post a bond of $6,500, "a conservative estimate of the amount it will cost to defend this lawsuit," failing which the court must dismiss the lawsuit.

The undersigned considers defendants's request for a bond to be premature because, at this point, it is not evident that the action will proceed. If the court determines that plaintiff is not entitled to proceed in forma pauperis, then plaintiff will be required to pay the entire filing fee, failing which the action will be dismissed. If the district court declines to revoke plaintiff's in forma pauperis status, or if plaintiff's status is revoked and he then pays the fee, defendants may at that juncture seek imposition of an appropriate bond.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 42) is granted as to all facts, and as to exhibits 2-23; and

2. The Clerk is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 41) be granted in part, and denied without prejudice to renewal in part;

2. Plaintiff's in forma pauperis status be revoked;

3. The court's June 22, 2009 order granting plaintiff's motion to proceed in forma pauperis be vacated;

4. Plaintiff be required to pay the $350.00 filing fee for this action in full within twenty-eight (28) days from the date of service of this order;

5. Plaintiff's failure to comply with this order result in dismissal of this action for failure to pay the filing fee; and

6. If plaintiff pays the filing fee in full in compliance with this order, defendants may renew their application that plaintiff be required to post a security bond.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty- eight (28) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within twenty-eight (28) days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
will0784.revoke